UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  |  |  |
|---|---|---|
| JAMES A. THOMAS, | : | CASE NO. 4:20-cv-02154 |
| Petitioner, | : | OPINION & ORDER |
| | : | [Resolving Doc. 1] |
| vs. | : | |
| | : | |
| WARDEN MARK K. WILLIAMS, | : | |
| | : | |
| Respondent. | : | |
| | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

*Pro se* Petitioner James Thomas petitions for a writ of habeas corpus under 28 U.S.C. § 2241.  He alleges that conditions at FCI Elkton, where he is incarcerated, violate his Eighth and Fourteenth Amendment rights.[1]  The Government opposes Thomas's petition.[2]

For the following reasons, Thomas's petition is **DISMISSED WITHOUT PREJUDICE.**

## I.  Background

Petitioner Thomas alleges that the conditions at FCI Elkton violate his Eighth and Fourteenth Amendment rights because they put him at risk of serious illness from COVID-19.  Petitioner says that FCI Elkton is overcrowded and it is impossible to practice social distancing.  According to his petition, Thomas is in his seventies and suffers from several serious health conditions including a seizure disorder, hypertension, and anemia, among other issues.  Thomas also received colon cancer treatment in 2017.[3]

Petitioner does not make a specific demand for relief, but he provides an address for where he plans to live if or when he is released.  Petitioner says that he challenges the

---

[1] Doc. 1.
[2] Doc. 5.
[3] Doc. 1 at 1.

Case No. 4:20-cv-02154
GWIN, J.

conditions of his confinement.[4]   The Government states that Petitioner requests home

confinement, but Thomas does not make that request in his petition.[5]

## II.   Discussion

### a.   Standard of Review

Under  28 U.S.C. § 2243,  the  Court  conducts  an  initial  screening  of  Thomas's

petition.[6]   *Pro se* pleadings, including petitions for a writ of habeas corpus,[7] are liberally

construed and held to less stringent standards than counsel-drafted pleadings.[8]   A petition

will be denied "if it plainly appears from the face of the petition . . . that the petitioner is not

entitled to relief."[9]

### b.   Analysis

#### i.   Eighth Amendment Claims

A § 2241 petition "is appropriate for claims challenging the execution or manner in

which [a prisoner's] sentence is served[,]"[10] but "is not the proper vehicle for a prisoner to

challenge  conditions  of  confinement."[11]   Rather,  a  civil  rights  action  is  the  appropriate

avenue for a federal prisoner who wishes to challenge the conditions of his confinement.[12]

A § 2241 petition cannot provide Petitioner relief to the extent that he wants to

improve the conditions within FCI Elkton while he serves the rest of his term.[13]   Conditions

---

[4] *Id.*

[5] Doc. 5 at 4.  The Government cites page five of Thomas's petition for its contention that he seeks home confinement, but the document is just one page.  *Id.*; Doc. 1 at 1.

[6] *See Alexander v. N. Bureau of Prisons,* 419 F. App'x 544, 545 (6th Cir. 2011) (citing *Allen v. Perini,* 424 F.2d 134, 141 (6th Cir.1970)).

[7] *Urbina v. Thoms,* 270 F.3d 292, 295 (6th Cir. 2001).

[8] *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam).

[9] *Suaza v. Dep't of Justice,* 14 Fed. Appx. 318, 319 (6th Cir. 2001) (citing 28 U.S.C. § 2243).

[10] *U.S. v. Peterman,* 249 F.3d 458, 461 (6th Cir. 2001).

[11] *Luedtke v. Berkebile,* 704 F.3d 465, 465-66 (6th Cir. 2013).

[12] *Id.* at 466.

[13] In *Wilson v. Williams*, this Court explained the difference between a cognizable § 2241 claim and a conditions-of-confinement claim:

Case No. 4:20-cv-02154
GWIN, J.

of confinement claims must be brought under § 1983, and the Prison Litigation Reform Act controls such claims.  Under the Prison Litigation Reform Act, this Court does not have jurisdiction to address such a claim.[14]

Further, to the extent Petitioner seeks release from prison and challenges the fact of his confinement, his § 2241 claim fails.  To make a viable Eighth Amendment claim, "[a] prisoner must show that he was subjected to an objectively serious prison condition to which a defendant prison official acted with subjective 'deliberate indifference,'" and "that a prison official 'knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.'"[15]

In *Wilson v. Williams*, however, the Sixth Circuit found that the medically-vulnerable inmate subclass, including Thomas,[16] was unlikely to succeed on the merits of their COVID-

---

> Courts have attempted to clarify the types of claims appropriate for habeas relief and distinguish those claims from civil rights claims more appropriately resolved under § 1983. The general result has been that challenges to the fact or duration of confinement that seek release sound in habeas whereas actions challenging the conditions of confinement raise concerns properly addressed under § 1983. . . . Inmates challenging BOP's COVID-19 response challenge the dangerous conditions within the prison . . . . However, the only truly effective remedy to stop the spread is to separate individuals . . .  such actions ultimately seek to challenge the fact or duration of confinement as well.

*Wilson*, 455 F. Supp. 3d 467, 475 (N.D. Ohio 2020).  The Sixth Circuit affirmed this analysis.  *Wilson v. Williams*, 961 F.3d 829, 837–38 (6th Cir. 2020) ("Petitioners seek release from Elkton and allege that there are 'no mitigation efforts that Elkton could undertake that would prevent the risk of contraction—and possible later spread to the non-prison community—to any acceptable degree, other than immediate release of the Medically-Vulnerable Subclass.' . . . petitioners contend that there are no conditions of confinement sufficient to prevent irreparable constitutional injury at Elkton. They therefore seek release. Our precedent supports the conclusion that where a petitioner claims that no set of conditions would be constitutionally sufficient the claim should be construed as challenging the fact or extent, rather than the conditions, of the confinement.").

[14] *Wilson*, 961 F.3d at 838 (citing *Luedtke*, 704 F.3d at 466).  Further, in *Wilson*, the Sixth Circuit noted that "[t]he PLRA does not apply in habeas proceedings." *Wilson*, 961 F.3d at 839.

[15] *Harden v. Williams*, No. 4:20CV1607, 2021 WL 463274, at *1 (N.D. Ohio Feb 8, 2021) (citing *Farmer v. Brennan*, 511 U.S. 825, 834, 847 (1994)).

[16] Doc. 1 at 1.  When Petitioner Thomas filed his petition, it was essentially duplicative of the pending claims in *Wilson v. Williams*. Cf. *Sullivan v. Williams*, No. 4:20-cv-02375, 2021 WL 1799443, at *2 (N.D. Ohio Mar. 29, 2021).

Case No. 4:20-cv-02154
GWIN, J.

19-based Eighth Amendment claim.[17]  The Sixth Circuit held that the Bureau of Prison's

response to the COVID-19 crisis at FCI Elkton likely did not amount to deliberate

indifference.[18]

Thomas's petition is based on the exact same facts as those in *Wilson v. Williams*.

Given the Sixth Circuit's holding, Petitioner's Eighth Amendment claim cannot succeed and

his § 2241 petition must be dismissed.

### ii.  Compassionate Release Claim

To the extent that Petitioner Thomas tries to make a claim for compassionate release

under  18 U.S.C. § 3582, this Court does not have jurisdiction.  Section 3582 limits

jurisdiction to Petitioner's sentencing court.[19]  The Court cannot find a record of Petitioner's

criminal case in the Northern District of Ohio and concludes that he was sentenced

elsewhere.

## III.  Conclusion

For the foregoing reasons, the Court **DISMISSES WITHOUT PREJUDICE** Thomas's

motion for a writ of habeas corpus.

IT IS SO ORDERED.


Dated:  May 17, 2021                    *s/      James S. Gwin*
                                        JAMES S. GWIN
                                        UNITED STATES DISTRICT JUDGE

---

[17] *Wilson*, 961 F.3d at 839–41; *see also Sullivan*, 2021 WL 1799443, at *2; *Connolly v. Williams*, No. 4:21cv00050, 2021 WL 1022453, at *3 (N.D. Ohio Mar. 17, 2021); *Harden*, 2021 WL 463274, at *1–2.
[18] *Wilson*, 961 F.3d at 839–41.
[19] *See, e.g.*, *U.S. v. Wright*, No. 17-20334, 2020 WL 5906706, at *1 (E.D. Mich. Oct 6, 2020); *Mitchell v. Warden*, No. 17-20334, 2020 WL 5111209, at *1 (C.D. Cal. Aug. 27, 2020); *Ambriz v. U.S.*, 465 F. Supp. 3d 630, 632 (N.D. Tex. 2020); *Tuozzo v. Shartle*, No. 13–4897 (RMB), 2014 WL 806450, at *2 (D.N.J. Feb. 27, 2014); *Lewis v. Warden, FMC-Rochester*, No. 06–329 ADM/RLE, 2006 WL 1134760, at *1 (D. Minn. Apr. 27, 2006).